## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nello Jennings | : | |
| 3226 N. Bailey St. | : | |
| Philadelphia, PA 19129 | : | CASE NO. |
| | : | COMPLAINT |
| Plaintiff, | : | |
| v. | : | |
| Cavalry SPV I, LLC | : | |
| 500 Summit Lake Drive Suite 400 | : | |
| Westchester, NY 10595 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Apothaker Scian P.C. | : | |
| 520 Fellowship Road Suite C306 | : | |
| P.O. Box 5496 | : | |
| Mt. Laurel, NJ 08054 | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.1 *et seq.* ("FCEUA"), and the Pennsylvania Unfair Trade Practices Consumer Protection Law ("CPL"), 73 P.S. § 201-1 et seq.. The FCEUA states that "it shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 P.S. §2270.4(a).

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt. 15 U.S.C. § 1692e. Violation of the Pennsylvania Rules of Civil Procedure may be a "'deceptive means to collect or attempt to collect [a] debt. 15 U.S.C. § 1692e(10).'" *Rice v. Grimm Bros. Realty Co.* (E.D. Pa., 2016).

3. Defendant is subject to strict liability for any debt collection practice which violates the provisions of the FDCPA.

## II.    PARTIES

4. Plaintiff Nello Jennings is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

5. Defendant Cavalry SPV I, LLC ("Cavalry") is a debt collection agency with a principal place of business at the above-captioned address. Defendant Apothaker Scian, P.C., ("AS") is a law firm with a principal place of business at the above-captioned address.

6. Defendants regularly use the mail and telephone to attempt to collect consumer debts alleged due another.

7. Cavalry and AS are debt collectors within the meaning of 15 U.S.C. §1692a(6).

8. Defendants regularly attempt to collect debts in, and do business in, this district.

## III. JURISDICTION

9. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §§ 1331 and 1337.

## IV. STATEMENT OF CLAIM

10. On September 15, 2014, Defendant Cavalry commenced a civil action in Philadelphia Municipal Court against Plaintiff to recover an amount allegedly owed in connection with a consumer debt ("State Court Action"). Defendant AS represented Cavalry in the State Court Action. A complete copy of the court documents for the State Court Action letter is attached hereto as Exhibit "A."

11. The State Court Action was filed to collect an alleged debt which was primarily for personal, family, or household use, as required by 15 U.S.C. 1692(a)(5).

12. Defendants' State Court Action complaint was a "communication directed at" the Plaintiff "in an attempt to collect on" an alleged debt and, thus, subject to the Fair Debt Collection Practices Act. *Kaymark ex rel. Current v. Bank of Am., N.A.* (3rd Cir., 2015).

13. Defendants attached item marked as an Exhibit in the State Court Action a verification. In the Philadelphia Municipal Court electronic filing system, this exhibit was marked "stmt - XXX081" (line item 7 of the electronic docket in the State Court Action, attached hereto as Exhibit B).

14. Visible in this docket entry is the account number which AS assigned to Plaintiff's account.

15. The account number (ending in 081) constitutes personal identifying information, the disclosure of which infringes upon the Plaintiff's privacy interests protected by the FDCPA, 15 U.S.C. §1692(a).

16. The disclosure of personal identifying information such as an "account number is impermissible language or symbols under § 1692f(8)." *Douglass v. Convergent Outsourcing,* 765 F.3d 299, 306 (3rd Cir., 2014).

17. Defendants claimed that Cavalry is an "assignee of HSBC BANK NEVADA, N.A. \ ORCHARD BANK" (¶1, State Court Action).

18. Where there is "reference to a sale or an assignment" in a communication to a debtor, there is the "potential for confusion as to who owned the debt." *Hammett v. Allianceone Receivables Mgmt. Inc.* (E.D. Pa., 2011).

19. Plaintiff's complaint fails to identify the creditor to the least sophisticated consumer, whether Cavalry SPV I, HSBC BANK NEVADA, or Orchard Bank.

20. The word 'assignee' is vague to the least sophisticated consumer. "It could mean that (1) Defendant has purchased and continues to own the debt or (2) an unidentified owner of the debt has retained Defendant for the purpose of collecting the debt." *Dewees v. Legal Servicing, LLC,* 506 F.Supp.2d 128, 133 (E.D.N.Y., 2007).

21. Defendants' further allegation that Plaintiff's "Account was *issued to* Defendant by HSBC BANK NEVADA, N.A./ORCHARD BANK, the original creditor" (¶5, State Court

Action, emphasis added) implies than an issuance of the debt "is different from an 'assignment' of the debt." *Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d 128, 133 (E.D.N.Y., 2007).

22.  Under Phila. Civ. R. *1037.1, Defendant's were required to attach an affidavit of non-military service to the State Court Action.

23. Defendants did attach an *unsigned* Affidavit of Non-Military Service.

24. Under the Pa R.C.P., an affidavit is a "statement in writing of a fact or facts signed by the person making it, that either (1) is sworn to or affirmed before an officer authorized by law to administer oaths, or before a particular officer or individual designated by law as one before whom it may be taken, and officially certified to in the case of an officer under seal of office, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities." Pa R.C.P. 76, Definitions.

25. By failing to sign the Affidavit of Non-Military Service, Defendants failed to conform to the requirements of the Pa R.C.P.

26. Rule 1019(i) of the Pennsylvania Rules of Civil Procedure requires that "where claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof."

27. The Pennsylvania Superior Court has held that "the failure to attach the writings which assertedly establish appellee's right to a judgment … is fatal to the claims set forth in appellee's complaint.  Thus, the preliminary objection of appellants based on failure to produce a cardholder agreement and statement of account, as well as evidence of the assignment, establishes a meritorious defense." *Atlantic Credit and Finance v. Giuliana*, 829 A.2d 340 (Pa. Super. Ct., 2003).

28. By failing to attach writings as required by Pa R.C.P. 1019(i), Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S. Code § 1692f.

29. In the Verification attached to the State Court Action, the Defendants stated that "Based on my review of the foregoing records, the balance due at this time is $1021.26." ¶4, Verification. The Verification also contains the statement, "The facts set forth in this

Verification are true and correct to the best of my knowledge, information, and belief based on my review of the foregoing records." ¶6, Verification.

30. Where a verification is tendered "not by an officer of Plaintiff, but by an officer of an alleged non-party entity 'on behalf of' Plaintiff, the Complaint could be verified validly … only if verified in conformity with Rule 1024(c)." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1271 (Pa. Super. Ct., 2013).

31. Rule 1024(c) of the Pa Rules of Civil Procedure states, " "the verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party."

32. Rule 1024(c) offers pleaders an option between verifying facts either upon (a) "sufficient knowledge or information and belief" or (b) upon "the source of the person's information as to matters not stated upon his own knowledge." Pa. R.C.P. 1024(c).

33. The Verification attached to the State Court Action confuses and conflates both standards, declaring first, "The facts set forth in this Verification are true and correct to the best of my knowledge, information, and belief," and then breathlessly enjambing to that phrase the language, "based on my review of the foregoing records." ¶6, Verification. It utilizes both the "knowledge, information and belief" of the verifier and the "review of the foregoing records" as the basis for the Verification, without distinguishing between the set of facts which are verified by the one standard and the other-- without even bothering to add diacratical marks or punctuation that would allow the court to discriminate or parse the Verification.

34. "The requirement of a verification is not waivable because without it a pleading is mere narration, and amounts to nothing." *Atlantic Credit & Finance, Inc., v. Giuliana*, 829 A.2d 340 (Pa. Super. 2003).

35. By initiating a complaint with a defective Verification, Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.

36. The fact that the Pa R.C.P. offers procedural remedies for defects in pleadings "does not conflict with finding liability or awarding damages under the FDCPA for violations based on a debt collector's failure to comply with" procedural rules. *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 279 (3rd Cir., 2013).

37. By the foregoing acts, Defendants violated the FDCPA.

## V. CAUSE OF ACTION
### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

38. Paragraphs 1-37 are repeated as if set forth at length herein.

39. By making Plaintiff's account number publicly available in the electronic dockets of Philadelphia Municipal Court, Defendants infringed upon the Plaintiff's privacy interests protected by the FDCPA, 15 U.S.C. §1692(a).

40. By making Plaintiff's account number publicly available in the electronic dockets of Philadelphia Municipal Court, Defendants used "impermissible language or symbols under § 1692f(8)." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 306 (3rd Cir., 2014).

**WHEREFORE**, Plaintiff prays that this Court enter a judgment for Plaintiff against Defendants:

(a) Awarding damages to Plaintiff as provided under the FDCPA;

(b) Awarding Plaintiff attorney's fees and costs;

(c) Declaring the actions of the Defendant are in violation of the FDCPA;

(d) Granting such other relief as may be deemed just and proper.

### COUNT II – FAIR CREDIT EXTENSION UNIFORMITY ACT

41. Paragraphs 1-37 are repeated as if set forth at length herein.

42. By making Plaintiff's account number publicly available in the electronic dockets of Philadelphia Municipal Court, Defendants infringed upon the Plaintiff's privacy interests protected by the FDCPA, 15 U.S.C. §1692(a).